UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| BAROQUE TIMBER INDUSTRIES (ZHONGSHAN) CO., LTD. and RIVERSIDE PLYWOOD CORP., | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Court No. 21-00600 |
| THE UNITED STATES, | : : : | |
| Defendant. | : : | |

**COMPLAINT**

Plaintiffs Baroque Timber Industries (Zhongshan) Co., Ltd. ("Baroque") and Riverside Plywood Corp. ("Riverside") (collectively "Plaintiffs"), by and through undersigned counsel, hereby allege and state as follows:

**ADMINISTRATIVE DECISION TO BE REVIEWED**

1. Plaintiffs seek review of the of the final results of the U.S. Department of Commerce, International Trade Administration's ("the Department" or "Commerce") eighth countervailing duty ("CVD") administrative review, the final results of which were published in *Multilayered Wood Flooring from the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2018*, 86 Fed. Reg. 59,362 (Oct. 27, 2021) ("Final Results") and the accompanying Issues and Decision ("I&D Memo") Memorandum.

**JURISDICTION**

2. This action is filed pursuant to 19 U.S.C. §§1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii). The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFF

3. Plaintiffs are Chinese producers and exporters of certain multilayered wood flooring ("MLWF" or "subject merchandise") from the People's Republic of China ("China"). Plaintiffs participated in the Department's proceeding that resulted in the challenged determination as mandatory respondents and are subject to the Department's Final Results. Therefore, Plaintiffs are interested parties as described in section 771(9)(A) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1677(9)(A). Plaintiffs therefore have standing to bring this action under 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THE ACTION

4. Section 516A(a)(2)(A)(i) of the Act requires that, in actions challenging the Department's determinations pursuant to section 516A(a)(2)(B)(iii) regarding administrative reviews, the summons must be filed within 30 days of the date of publication in the Federal Register of the notice of determination. 19 U.S.C. § 1516a(a)(2)(A)(i). The Department published its final results of administrative review on October 27, 2021.

5. This action was commenced within 30 days of the date of publication of the Department's Final Results through the filing of a Summons on November 26, 2021. This Complaint is being filed within 30 days of the filing of the Summons. Thus, the Summons and Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and pursuant to Rules 3(a)(2) and 6(a) of the Court's Rules.

## BACKGROUND

6. The Department issued the countervailing duty order as *Multilayered Wood Flooring from the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 76,692 (Dec. 8, 2011).

7.	On February 6, 2020, the Department initiated the administrative review of the countervailing duty order on MLWF from China, covering the period January 1 through December 31, 2018 ("POR").  *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 6,896 (Feb. 6, 2020).

8.	Subsequent to the initiation of the proceeding, by memorandum dated April 22, 2020, the Department selected Plaintiff Riverside and one other Chinese manufacturer/exporter, Jiangsu Senmao Bamboo and Wood Industry Co., Ltd. ("Senmao"), as mandatory respondents in the review and, on May 14, 2020, issued its initial CVD questionnaire.

9.	 Riverside submitted its Affiliation Response to the Department's initial CVD questionnaire on June 4, 2020, and on July 13, 2020, filed its Initial Questionnaire Response, identifying subsidy programs from which the company received benefits during the POR.

10.	Plaintiffs submitted additional information and responses on July 10, September 8, October 2, October 16, and November 19, 2020, and March 9, 2021, in response to the Department's supplemental questionnaires, new subsidy allegation questionnaires, and supplemental new subsidy allegation questionnaires.

11.	Plaintiffs submitted timely factual information on December 7 and 17, 2020, and January 26, 2021 for the Department's use in the valuation of the benchmarks for reported plywood, fiberboard, paint/stain, and adhesive/glue purchases.

12.	The Department published its Preliminary Results of the administrative review on April 23, 2021.  *Multilayered Wood Flooring from the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review, and Intent To Rescind Review, in Part;*

*2018,* 86 Fed. Reg. 21,693 (Apr. 23, 2021) ("Preliminary Results"), along with its accompanying Preliminary Decision Memorandum ("PDM").

13. In its Preliminary Results, the Department preliminarily found that Plaintiffs had received countervailable benefits during the POR, calculating a preliminary CVD rate of 9.36% for the companies.

14. On June 2, 2021, Plaintiffs filed their administrative case brief challenging certain decisions and findings in the Department's Preliminary Results, including, among other things that: (1) the Department should adjust its calculation of the benchmark for plywood to use International Tropical Timber Organization ("ITTO") grade C/CC prices only; (2) the Department made certain calculation errors with regard to veneers; (3) the VAT rate applied to benchmarks; and (4) the Department should not countervail the Export Buyer's Credit Program ("EBCP"). Plaintiffs also incorporated by reference arguments made by the Government of China.

15. Plaintiffs filed their rebuttal brief on June 15, 2021, arguing, among other things, that (1) the Department should reject Petitioner's arguments with respect to the benchmark used in the Preliminary Results for plywood, and (2) there was no basis to Petitioner's argument that partial AFA be applied to Riverside Plywood/Baroque Timber's backboard purchases.

16. On October 27, 2021, the Department published its Final Results assigning Plaintiffs a final CVD rate of 9.18%. 86 Fed. Reg. at 59,363. In these Final Results, it rejected certain arguments made by Plaintiffs with regard to (1) the plywood benchmark calculation; (2) the calculation for the provision of veneers for LTAR; and (3) the EBCP. Cmts. 1, 6, and 7-12.

17.    On December 1, 2021, the Department issued an amended final results changing, slightly, the CVD rate for the other respondent. *Multilayered Wood Flooring From the People's Republic of China: Notice of Amended Final Results of Countervailing Duty Administrative Review; 2018*, 86 Fed. Reg. 68,219 (Dec. 1, 2021). Plaintiffs' rate did not change.

## STATEMENT OF CLAIMS

## COUNT ONE

18.    Paragraphs 1 to 17 are adopted and incorporated herein by reference.

19.    In the unpublished I&D Memorandum accompanying the Department's Final Results, the Department rejected Plaintiffs' arguments that the Department should rely only on grade C/CC ITTO data, and determined instead that it would continue to weight-average ITTO data and UN Comtrade data in the benchmark for Plaintiffs' purchases of plywood for LTAR benefit calculation. It also accepted Petitioner's argument that it should remove the ITTO data for "Brazil Eucalyptus Sawnwood" from its benchmark calculation. I&D Memo at Cmt. 6.

20.    In making this determination, the Department did not appropriately consider substantial record evidence that Baroque used only C/D grade plywood and that only the corresponding grade prices from ITTO should be used in calculating the benchmark.

21.    Pursuant to 19 U.S.C. § 1677(5)(E)(iv), 19 C.F.R. § 351.511(a)(2)(ii), and long-standing Department practice, the Department is required to calculate benchmarks using the most product-specific benchmark for use in its LTAR calculations.

22.    The Department's findings and calculations with regard to the benchmark for plywood are unsupported by record evidence and not in accordance with the law.

## COUNT TWO

23. Paragraphs 1 to 22 are adopted and incorporated herein by reference.

24. The Department made legal and factual errors with regard to its calculation of the benefit attributable to the provision of veneer for LTAR that are unsupported by substantial evidence and not in accordance with the law.

## COUNT THREE

25. Paragraphs 1 to 24 are adopted and incorporated herein by reference.

26. In its Final Results, the Department applied a VAT rate of 17% to all of the input program benchmark calculations pursuant to 19 C.F.R. 351.511.

27. In making this determination, the Department ignored record evidence that the VAT rate in China was 16% for part of the year. The Department's benchmark calculations were therefore unsupported by substantial evidence and not in accordance with the law.

## COUNT FOUR

28. Paragraphs 1 to 27 are adopted and incorporated herein by reference.

29. The Department investigated the EBCP in this review and found the lack of GOC cooperation in providing certain information with regard to this program warranted the application of adverse facts available to the GOC and, by extension, to Plaintiffs. As a result, the Department presumed that Plaintiffs' U.S. importers received credits under this program and assigned Plaintiffs a CVD rate of 0.84% for this program.

30. Irrespective of the GOC's responses and alleged lack of cooperation, Plaintiffs certified that their affiliated U.S. importer did not use this program and provided declarations from its U.S. importer customers, which certified to the fact that they did not use this program.

31. The Department chose not to verify any of these customer declarations, in spite of the fact that it has done so in previous cases. It also chose not to accept Plaintiffs' and their customers' declarations of non-use in spite of the fact that it has done so even in cases where the GOC's actions warranted AFA.

32. The Department's finding, as AFA, that Plaintiffs used this program is unsupported by substantial evidence, is unreasonable, arbitrary and capricious and otherwise contrary to law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

(a)   hold that the Department's Final Results are unsupported by substantial evidence and otherwise not in accordance with law;

(b)   remand the Final Results with instructions to issue a new determination that is consistent with the Court's decision; and

(c)   provide such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Francis J. Sailer
Francis J. Sailer
Andrew T. Schutz
Jordan Kahn
Kavita Mohan
Michael S. Holton
GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

Dated:  December 23, 2021

8